UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, | No. 2:15-cv-1699 DAD P |
| Plaintiff, | |
| v. | ORDER |
| S. SMITH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and two requests to proceed in forma pauperis.

When a state prisoner challenges the legality or duration of his custody and the relief he seeks is an order for earlier or immediate release, the prisoner makes a claim for habeas relief under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). When a state prisoner challenges the conditions of his confinement, his claims are cognizable in a civil rights action under 42 U.S.C. § 1983 rather than a habeas corpus action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). This distinction means that "the writ of habeas corpus extends only to claims that, if successful, will 'necessarily spell speedier release.'" Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the
/////

1

core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner, 562 U.S. at 535 n. 13.

Here, in his petition, petitioner does not demand immediate or expedited release from custody. Instead, the text of the petition and its attachments show that petitioner, who is serving a sentence imposed upon him by the Los Angeles County Superior Court in 2002 (see ECF No. 1 at 10), challenges his current conditions of confinement. Although petitioner's description of his allegedly unlawful conditions is not completely clear, he appears to allege that officials at the California Substance Abuse Treatment Facility where he is incarcerated have obstructed his access to certain self-help programs.[1]

Because the relief sought in the pending petition concerns conditions of confinement and not any form of relief available under 28 U.S.C. § 2254 or other federal habeas statute, the court construes this action as one for alleged violations of the petitioner-plaintiff's civil rights under 42 U.S.C. § 1983. Furthermore, the alleged constitutional violations took place in Kings County, which is part of the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 120(d). Pursuant to Local Rule 120(f), the court may, on its own motion, transfer a civil action that has not been commenced in the proper division to the appropriate division of the court. Therefore, the undersigned will transfer this civil rights action to the court's Fresno Division. The undersigned will not rule on plaintiff's request to proceed in forma pauperis. See 28 U.S.C. § 1915.

Therefore, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno.

2. All future filings shall reference the new Fresno case number assigned and shall be filed at:

/////

---

[1] The undersigned states no opinion or finding as to whether petitioner's allegations would, if true, amount to a cognizable claim under § 1983 or whether they satisfy the screening requirements of 28 U.S.C. § 1915A.

2

United States District Court
Eastern District of California
2500 Tulare Street
Fresno, CA 93721

Dated: September 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm/tayl1699.22

3